UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NANANDA COL, M.D., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-249-JHR |
| | ) | |
| MAINE MEDICAL CENTER, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER ON DISCOVERY DISPUTE

In accordance with the terms of my Report of Hearing and Order re: Discovery Disputes and Scheduling dated February 5, 2012 (Docket No. 16), the parties have filed brief written arguments addressing the question of whether the attorneys for the plaintiff may interview certain individuals outside the presence of an attorney for the defendant. Docket Nos. 17 & 18.

As I understand it, the individuals at issue are seven physician employees of the defendant, one employee of the defendant who holds a Ph.D., and two physicians who are not employed by the defendant but who are contracted to the defendant by their respective outside practice groups to perform as directors of certain programs at the defendant medical center. Brief of Defendant Maine Medical Center on *Ex Parte* Contact With Witnesses ("MMC Brief") (Docket No. 17) at 1-3.

The relevant authority is Rule 4.2(a) of the Maine Rules of Professional Conduct, which provides, in relevant part:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the

1

>     consent of the other lawyer or is authorized to do so by law or a court order.

Maine Rules of Professional Conduct, Rule 4.2. Communication with Person Represented by Counsel and Limited Representations.  The parties focus their attention on the following portion of Comment 7 to the Rule:

>     In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

*Id*.

The defendant refers to this portion of the comment as a "three-part definition of 'client' [that] is broader than the cited language in [*Crowley v. L. L. Bean, Inc.*]*,* 143 F.Supp.2d 38 (D. Me. 2001)." MMC Brief at 3, which is this court's initial word on this topic.  The defendant contends that this "definition" encompasses all of the individuals at issue because "their acts, omissions, or statements in connection with the matter might be imputed to MMC for purposes of civil liability[.]"  MMC Brief at 4.

As the plaintiff points out, Plaintiff's Response to Brief of Defendant Maine Medical Center on *Ex Parte* Contact with Witnesses ("Plaintiff Brief") (Docket No. 18) at 1, this interpretation of the comment would encompass any employee of a party who had "any responsibility for management and/or supervision of employees of any activity associated with the business of [the party]."  I agree that this interpretation sweeps too broadly, greatly increasing the scope of coverage of the rule.

Granted, a new version of the rule was adopted in Maine in 2009,[1] and the *Crowley* case construed the earlier version, which provided, in relevant part:

> (f) *Communicating With Adverse Party*. During the course of representation of a client, a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Maine Bar Rule 3.6(f), quoted in *Frank v. L. L. Bean, Inc.*, 377 F.Supp.2d 233, 235 (D. Me. 2005). In *Crowley*, Judge Carter held that this rule encompassed "only those employees who have responsibility for making decisions on the litigation and matters directly related to it" and employees "who have the responsibility of communicating [a corporate party's] policy and decisions to its attorney, receiving the attorney's advice in the first instance, and directing the work of the [corporation's] staff in preparing for litigation." 143 F.Supp.2d at 42 n.3 (quotations omitted). This interpretation was reiterated by Judge Singal in *Frank*, 377 F.Supp.2d at 235-38.

However, the Reporter's Notes to Maine's adoption of the new rules of professional liability in 2009 state that: "Model Rule 4.2(a) is in accord with M. Bar. R. 3.6(f). Because the Task Force thought Rule 4.2(a) was an accurate and concise exposition of the rule currently in force in Maine, it recommended its adoption." Reporter's Notes – 2009, reprinted in *Maine Rules of Court* Volume I – State (West, 2011), at 635. The note strongly suggests that no expansion of the rule's scope, like that pressed by the defendant here, was intended by adoption of the model rule to replace Maine Bar Rule 3.6(f).

Even assuming, *arguendo*, that comment 7 to Model Rule of Professional Responsibility

---

[1] This issue is governed by the state's rules of professional responsibility. Therefore, the Supreme Court case cited by the defendant, MMC Brief at 4, is not applicable. In *Upjohn Co. v. United States*, 449 U.S. 383 (1981), decided 20 years before this court decided *Crowley*, the Supreme Court construed Federal Rule of Evidence 501. *Id.* at 389. The federal rule is not at issue in the instant case. The defendant's citation of *Manske v. UPS Cartage Servs., Inc.*, No. 2:10-cv-320-JAW, 2011 WL 322002 (D. Me. Jan. 30, 2011), is similarly unhelpful. That case deals with interpretation of Fed. R. Civ. P. 26(b) as it applies to surreptitious recording of co-employees' statements before a court action was filed.

4.2(a) applies to the defendant,[2] I find the reasoning of the Supreme Judicial Court of Massachusetts to be persuasive, in an opinion cited by the plaintiff and discussing Model Rule of Professional Responsibility 4.2, which is identical to the current Maine rule.  The Supreme Judicial Court of Massachusetts rejected the broader, comment-based interpretation urged by the defendants in *Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College*, 436 Mass. 347, 764 N.E.2d 825 (2002), and by the defendant here, and held that Rule 4.2 "ban[s] contact only with those employees who have the authority to commit the organization to a position regarding the subject matter of representation."  *Id*. at 357, 833.

The defendant admits that none of the employees or contractors at issue here "would be 'clients' if defined only by the *Crowley* decision[.]"  MMC Brief at 4.  Because I conclude that the *Crowley* test still applies, that concession is determinative.

Plaintiff's counsel is not barred by Maine Rule of Professional Responsibility 4.2 from contacting any of the 10 listed individuals directly, without the involvement of counsel for the defendant.  However, my earlier admonition continues to apply in the case of these 10 individuals: that counsel for the plaintiff in each such encounter identify himself or herself as an attorney for the plaintiff, state that the interview is voluntary, and not inquire about statements of the defendant's attorneys subject to privilege or protection.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

---

[2] The comment uses the words "organization" and "constituent" rather than "party" and "employee," and that choice appears to me to be significant.  An unincorporated association or organization may have "constituents;" a corporation generally does not.

Dated this 8th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge